# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

No. 11-20192
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: JOEL DONALD MALLORY, JR., doing business as Mallory & Associates, also known as Donald Mallory,

Debtor

------------------------------

JOEL DONALD MALLORY, JR.,

Appellant

v.

WILLIAM E. HEITKAMP,

Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1592

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A debtor appeals from the district court's affirmance of the bankruptcy court's dismissal of his Chapter 13 bankruptcy case. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20192

On January 17, 2007, Joel Donald Mallory, Jr., filed a Chapter 13 Petition in the United States Bankruptcy Court for the Southern District of Texas. Three years later, William Heitkamp, the bankruptcy trustee, filed a motion to dismiss on the basis that Mallory failed to make payments under 11 U.S.C. § 1326, did not implement an ACH authorization pursuant to local rules, failed to provide for payment of secured and priority claims, failed to provide the proper information to allow the trustee to comply with 11 U.S.C. § 1302(d), and caused an unreasonable delay prejudicial to the creditors of the estate.

At an April 20, 2010 hearing on the trustee's motion to dismiss, the bankruptcy court concluded that the multiple missed payments under the plan were not disputed and granted the trustee's motion to dismiss on that basis. The bankruptcy court dismissed the case with prejudice. Mallory filed a motion for reconsideration, which the bankruptcy court denied.

Mallory appealed to the district court, which affirmed the bankruptcy court's dismissal. The district court concluded that under the Bankruptcy Code the bankruptcy court was within its discretion to dismiss Mallory's petition on the basis of a failure to make payments under the plan. The district court also ruled on a number of other issues Mallory presented in his appeal to that court.

On appeal to this court, Mallory presents eight issues. He contends generally that the bankruptcy court erred under a totality of circumstances approach under multiple provisions of the Bankruptcy Code and in equity. Mallory also contends that there were issues with various proofs of claim the bankruptcy court failed to address prior to dismissing his petition. Because we conclude that the bankruptcy court did not abuse its discretion in dismissing his case, we do not reach the additional issues Mallory presents.

Mallory also argues that there are outstanding jurisdictional issues. He argues that payments he made were distributed by the trustee to parties who lacked standing. The issue about standing that Mallory raises does not impact

2

his standing, which is all that matters for our review of the bankruptcy court's dismissal of his case. *See, e.g.*, *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 769-70 (5th Cir. 2011). Whether there would have been jurisdictional issues with the potential confirmation of a plan is not before us.

Our review of a bankruptcy court's dismissal under 11 U.S.C. § 1307 is for an abuse of discretion. *See Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 652 (5th Cir. 2010). Section 1326(a)(1) of Title 11 of the United States Code provides that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . ." The bankruptcy court may dismiss a case for cause when a debtor fails to make timely payments under Section 1326. 11 U.S.C. § 1307(c)(4).

Mallory does not dispute that he failed to make multiple payments pursuant to Section 1326. Also, he does not argue that the dismissal was not "in the best interests of creditors and the estate." *See* 11 U.S.C. § 1307(c). Instead, he argues that under equity and the totality of the circumstances his case should not have been dismissed. Mallory argues that the plan included increased payments in the third year and when the payments increased to the new level he was no longer able to make them. In support of his argument, Mallory highlights his good faith attempts to reorganize over three years, tendering over $60,000 to the trustee, his inability to pay the increased payments, issues with standing of various claimants, and the failure of the trustee to execute his statutory duties. None of these arguments change Mallory's failure to make payments under the plan. The bankruptcy court acted within its discretion under Section 1307 in dismissing his case on that basis alone.

AFFIRMED.